BUNKER HILL & SULLIVAN MINING & CONCENTRATING CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1910.)

No. 1,799.

PUBLIC LANDS (§ 11*)—ACTION FOR UNLAWFUL CUTTING OF TIMBER—DEFENSES.

One entering and occupying as a homestead public land, shown by the books of the Land Department to be subject to such entry, cannot, nor can any one claiming under him, justify the cutting and sale of timber therefrom under Act June 3, 1878, c. 150, 20 Stat. 88 (U. S. Comp. St. 1901, p. 1528), authorizing the cutting and removal of timber for certain purposes from mineral lands, not subject to entry except for mineral purposes, on the ground that the land was in fact mineral, and not agricultural.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 9, 11–13; Dec. Dig. § 11.*]

In Error to the Circuit Court of the United States for the Northern Division of the District of Idaho.

Action by the United States against the Bunker Hill & Sullivan Mining & Concentrating Company. From the judgment, defendant brings error. Affirmed.

Myron A. Folsom and J. H. Forney, for plaintiff in error.
C. H. Lingenfelter, U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The government brought this action in the court below against the Bunker Hill & Sullivan Mining & Concentrating Company to recover the value of certain timber cut by one Messinger from public land in Shoshone county, Idaho, upon which he had previously filed and then had a homestead claim. The verdict recovered was for the value of the timber in its manufactured state. After cutting the timber and selling it to the company for use in its mining operations, Messinger relinquished his homestead entry. The company, by its answer filed in the cause, admitted the purchase of the timber from Messinger, and alleged that the latter had cut the same from his homestead in pursuance of a plan to cultivate and pasture the land, and in the belief that it was fit for agriculture. As a second defense the company alleged that, notwithstanding Messinger believed to the contrary at the time he made his homestead entry, the land from which the timber was cut was not suitable for agriculture, but was, in fact, mineral land, and consequently not subject to entry under any law other than those relating to mineral lands. The answer further alleged that Messinger was a citizen and bona fide resident of the state of Idaho, and had cut the timber under and by virtue of the act of Congress of June 3, 1878 (20 Stat. 88, c. 150 [U. S. Comp. St. 1901, p. 1528]), which provided, among other things, "that all citizens of the United States, and other persons bona fide residents of the states of Colorado or Nevada, or either of the territories of New Mexico, Arizona, Utah, Wyoming, Dakota, Idaho or Montana, and all

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

other mining districts of the United States, shall be and are hereby authorized and permitted to fell and remove for building, agricultural, mining, or other domestic purposes, any timber or other trees, growing or being on the public lands, said lands being mineral and not subject to entry under existing laws of the United States except for mineral entry, in either of said states, territories, or districts of which such citizens or persons may be at the time bona fide residents," and in accordance with the regulations of the Secretary of the Interior made thereunder.

The trial was before the court with a jury. Evidence was introduced on the part of the defendant tending to show good faith on the part of Messinger in cutting the timber, and in support of its second defense the company offered evidence of the alleged citizenship and residence of Messinger, and tending to show that the land from which he cut the timber was mineral land, and that the timber was used by the defendant for mining purposes within the state of Idaho, and that the cutting had been done in compliance with the rules of the Secretary of the Interior. Upon the conclusion of the evidence the trial court, upon motion of the counsel for the plaintiff, withdrew from the consideration of the jury all of the evidence introduced by the defendant in support of its said alleged second defense, which constitutes the main ground relied upon by the plaintiff in error for a reversal of the judgment. The court permitted the case to go to the jury upon the alleged good faith of Messinger in clearing the land for cultivation, advising the jury of the principles which should control the conduct of a homesteader, and, in referring to the claim that Messinger contemplated using that portion of his homestead entry from which he had cut timber for stulls, for pasture, gave the following instruction, which is also complained of here:

"Now, cultivation, of course, may involve different conditions, different circumstances. Sometimes it might mean the planting of an orchard, sometimes the growing of alfalfa, sometimes the growing of wheat or oats, and sometimes the production of grass. I do not say to you that the production of grass is not a legitimate purpose; but where a homesteader clears a large amount of land, much larger than is necessary for planting, and claims that he is doing that for the purpose of pasture merely, you should scrutinize what he says in that respect and what he has done in that respect carefully, for the purpose of seeing whether or not he is really acting in good faith; for, as you must see, it would be easy to resort to that method as a mere pretext or cover for fraud."

The case shows that the land upon which the timber was cut stood upon the books of the Land Department of the government as public land open to homestead entry, and as such was entered by Messinger, who went into its possession and claimed the right to cut the timber in question to enable him to cultivate the land and to make other uses of it under and in pursuance of the beneficent provisions of the homestead law. One of the requirements of the oath he was compelled to take in making his entry was the declaration of his intention to occupy the land as a homestead and cultivate the same. While thus availing himself of the bounty of the government and occupying that relation to it, he could not legally commit any act upon or in respect to the land in contravention of the provisions of the law under which he held its

possession; and neither he, nor any one claiming under him, can justify his illegal act by saying that, although he could not cut the government's timber and sell it for mining purposes under the provisions of the law under which he was permitted to go into and hold possession of the land, yet under another law, in no way at the time applicable to this particular land, persons were permitted to cut timber for mining purposes.

We are of the opinion that the court below was clearly right in its ruling respecting the second defense interposed by the defendant. Nor do we see any error in its instruction to the jury to scrutinize carefully the pleaded defense of good faith in Messinger, in order to determine whether or not his acts were really prompted by the motives claimed by the defendant.

The judgment is affirmed.